LOVE, STATE SUPERINTENDENT OF BANKS, v. CITIZENS'
BANK & TRUST CO. OF MARKS.*

(Division B. Oct. 5, 1925.)

[105 So. 484.  No. 25026.]

BANKS AND BANKING.  *Deposits of county in bank as depository held secured by bank's bond, though surety unauthorized to sign relative to assessment for bank guaranty fund.*

Though surety, which signed bank's bond as depository of county's public funds, had no authority to become such surety, deposits of such funds were thereby "otherwise secured" by reason of estoppel to deny liability to the county, so that under Hemingway's Code, section 3596, and Hemingway's Code Supp. 1921, section

3593, they were not guaranteed by the state bank guaranty fund, and the bank was not liable to assessment thereon, as "guaranteed deposits" for the benefit of such fund.

*Headnote 1.   Banks and Banking, 7 C. J., Section 15 (Anno); Deposit, 18 C. J., Section 62.

Appeal from circuit court of Hinds county.
Hon. W. H. Potter, Judge.

Mandamus by the Citizens' Bank & Trust Company of Marks against J. S. Love, State Superintendent of Banks. From an adverse judgment, defendant appeals. Affirmed.

*Flowers, Brown & Hester,* for appellant.

The only question presented by this appeal is: Where a state bank undertakes to qualify as a public depository by furnishing bond or security of a kind or class other than specified in the statute, are such deposits "otherwise secured" within the meaning of section 38 of the Banking Act, chapter 124, Laws 1914. Chapter 187, Laws 1918 (section 4240, Hemingway's Code, 1921 Sup.) specifies the particular securities to be furnished by a bank in order to qualify as a county depository.

Sec. 38, chapter 124, Laws 1914, provides that: "All deposits not otherwise secured shall be guaranteed by this Act."

The appellee contends that even though the security furnished was not of the class contemplated by the depository law, yet it was "security" and that, therefore, the deposits were "otherwise secured." That since they were "otherwise secured" they were not guaranteed by the bank depositor's guaranty fund and, therefore, no assessment for the support of that fund should have been demanded and collected.

When a bank undertakes to qualify as a public depository, and in so doing furnishes, say a personal bond, or other security for the public deposits, than the kind specified in the statute it is very clear to us that such

bank has failed to qualify as such depository. *Powell* v. *Tunica County,* 107 Miss. 410, 65 So. 499. See also *Bank of Commerce* v. *Gulfport,* 117 Miss. 591, 78 So. 519.

But, assuming that the security offered and accepted by the public authorities while not of the class authorized by the statute to be accepted in order to qualify the bank as a public depository, is nevertheless solvent and sound security, does this constitute "security" for the public funds deposited in the bank so as to place such funds in the category of deposits "otherwise secured" thus enabling the bank to avoid the payment of the annual assessment for the support of the guaranty fund which, under section 35 of chapter 124 of the Banking Act of 1914, is to be paid on the "average guaranteed deposits."

Counsel for appellee contend, and in our opinion correctly so, that in such cases the public funds so deposited are secured (1) by the security furnished, no matter whether it be of the class specified by statute or not. (2) By the protection afforded by section 3485 of the Code which makes all public deposits trust funds, and a prior lien on all of the assets of the bank. (3) By the bonds of the officers who have violated the law by accepting a class of security not authorized by statute.

We admit the correctness of the first proposition. *Perkins, et al.* v. *Roberson, Att'y Gen'l,* 130 Miss. 512, 94 So. 460. As to second proposition, see *Bank of Commerce et al* v. *City of Gulfport,* 117 Miss. 591, 78 So. 519.

As to third proposition, we think the view of Justice Etheridge in the *Wardlaw case, supra,* is correct and that the custodian of public funds has no more right, in the light of our depository laws, to deposit such funds in an unauthorized depository than to loan them to any other unauthorized person, firm or corporation.

It was never intended that public deposits should be secured by the bank guaranty fund. A more definite method of securing these deposits had heretofore been

provided. This is made manifest by the language of section 38 of the Act: "All deposits, not otherwise secured." Public deposits were and are otherwise secured. And too, the framers of the Act did not have in mind public deposits at all. They were enacting a law in the exercise of the police power of the state to protect the deposits, not of the state but of the citizen. The banking law is upheld only on the theory that it is a proper exercise of the police power of the state. *Bank of Oxford* v. *Love,* 111 Miss. 699, 72 So. 133.

But in view of the Wardlaw case above referred to, the banking department does not feel warranted in acceding to the demand of appellee in the absence of an expression from this court as to the question stated. If the deposits here involved were not guaranteed then appellee is entitled to the refund; on the other hand, if they were guaranteed, then no refund should be allowed, and the judgment of the lower court must be reversed.

*L. F. Easterling,* for appellee.

The main question for solution is: When are deposits "otherwise secured?" We take it that the phrase "otherwise secured" means in another and different manner from the ordinary deposit.

In the instant case, under the averments of the petition and exhibits, if the appellee bank had failed, having county money on deposit, the county would have been otherwise secured, we contend, for the following reasons:

(1) If the bond given by appellee bank, as county depository was not a legal bond within the meaning of the law, then the county would have been secured, or rather would have had a prior lien on all of the assets of the bank, under section 3485, Code of 1906 (section 2823, Hemingway's Code). See *Bank of Commerce* v. *City of Gulfport,* 78 So. 519.

(2) The county of Quitman could have sued the Planters Bank of Clarksdale, the surety on the bond, and

could have sued on the indemnity bond executed by Self and others. *Perkins* v. *State,* 130 Miss. 512, 94 So. 463.

The lower court, upon the trial of this case, held that the bond given by the appellee bank was insufficient to meet the requirements of the law to qualify petitioner as a public depository, but was of the opinion:

"   . . .   that the said bond, though not of the class authorized by statute to be accepted as security for public funds, was nevertheless security for the county deposits, and that, therefore, the said deposits were not guaranteed deposits, but were deposits otherwise secured, within the meaning of section 38 of chapter 124, Laws of 1914, as amended, and that the said deposits were not entitled to the benefit of the protection afforded by the State Bank Guaranty Fund."

The opinion of the court in this is palpably correct for said deposits were otherwise secured by ample security and could have been collected in the event the appellee bank had failed without resorting to a single penny of the bank's assets.

The holding in the court below was in line with the Perkins case, and merely holding the obvious conclusion that that which is otherwise secured, *is* otherwise secured. In conclusion we put forward the following additional reason why the judgment of the court below should be affirmed: The appellee bank faithfully performed all of the duties required of it by law, and accounted for all the county funds. It was recognized by all parties as the legal depository and performed all the duties as such. No loss has been occasioned to the guaranty fund, or the banking department, or the county. The state, through its officers, took no steps to test the right of the Planters Bank to execute the bond. The Banking Department knew and was advised that these deposits were secured by the bond of the Planters Bank as surety and the bonds of the individuals as shown by the exhibits to the petition. It never raised any objection to the appellee bank acting as depository.

The judgment of the court below is pre-eminently correct.

ANDERSON, J., delivered the opinion of the court.

Appellee, Citizens' Bank & Trust Company of Marks, filed its petition for a writ of mandamus against appellant, the State Banking Department, to recover an alleged overpayment of assessments against appellee for the years 1920 and 1921 for the benefit of the state bank guaranty fund. The petition was amended. There was a demurrer to the amended petition which was overruled by the court, and the appellant declining to plead further a final judgment was entered ordering a writ of mandamus to issue fixing the amount of recovery at six hundred sixty-nine dollars and sixty-seven cents. From that judgment, the appellant prosecutes this appeal.

The case made by appellant's petition for mandamus is simply this: The appellee qualified (if it could so qualify under the facts to be stated) as county depository of the public funds of Quitman county for the years 1920 and 1921. The statute governing such matters was complied with in every respect, except, it is claimed by appellant, that the surety which signed appellee's bond as such depository had no authority under the law to become such surety. The surety was Planters' Bank of Clarksdale, a banking corporation in this state. Appellant conceiving that the Planters' Bank under the law had no right to become such surety declined in making the assessments for the benefit of the state bank guaranty fund for 1920 and 1921 to recognize appellee as the county depository of Quitman county for the years mentioned.

Section 35, chapter 207, Laws of 1916 (Hemingway's Code, section 3593), amended by section 35, chapter 165, Laws of 1918 (Hemingway's Supplement, section 3593), provides, among other things, that the banking department shall assess against "the average guaranteed deposits, less capital and surplus, of each bank" one-

twentieth of one per cent. provided not more than five such assessments shall be made in any one calendar year.

Section 38, chapter 207, Laws of 1916 (Hemingway's Code, section 3596), provides, among other things, that all deposits "not otherwise secured" and all cashiers checks, certified checks, or sight exchange issued by banks operating under the laws of this state shall be guaranteed by the state bank guaranty fund.

Appellees' petition alleged that the bond it gave Quitman county for the years 1920 and 1921 was perfectly solvent; that the Planters' Bank, the surety thereon, was amply solvent at that time and in addition that the Planters' Bank was indemnified against loss by being such surety by means of a private bond executed by P. M. B. Self and others; that this private bond was perfectly solvent and sufficient to cover the amount of said public funds so carried by appellee, and under the law would have inured to the benefit of Quitman county. And that therefore the amount of such public funds should have been deducted from appellees' deposits in making the assessments for the benefit of the state bank guaranty fund; that appellant declined to make such deduction on the ground that appellee was not a legal depository because its surety on its depository bond was not authorized by law to become such. Thereupon assessments were made by appellant against said county funds as not being otherwise secured, which assessments were paid under protest by appellee, and this action brought to recover the same back.

The question in the case is whether or not, under the above statutes, the public funds of Quitman county held by appellee during the years 1920 and 1921 were "otherwise secured."

We think the question was settled in the affirmative by *Perkins* v. *State,* 130 Miss. 512, 94 So. 460. It was held in that case that although the bond executed by the depository was unauthorized by law, and that although

thereby the bank in question was not a legal depository, nevertheless the public funds were secured by such bond, that the principal and the sureties thereon were liable therefor and would not be heard to say in a suit on the bond for any loss of public funds that the depository was not a legal one. It is true the court held in that case that the funds there involved were also secured by the statutory lien, provided by section 3485, Code of 1906 (section 2823, Hemingway's Code), and that the city whose funds were involved had the right to resort to either the depository bond or the enforcement of such lien under the statute. It was however, plainly held that the unauthorized bond in that case was security for the funds. Being security for the funds, they were otherwise secured than by the state bank guaranty fund.

The court is in disagreement about the other questions argued. It is not necessary to decide them in view of the fact that the question decided disposes of the case.

*Affirmed.*