BOARD OF LEVEE COM'RS v. LOVE, SUPERINTENDENT OF
BANKS, et al.*

(Division B.   June 13, 1927.)

[113 So. 335.   No. 26308.]

1. BANKS AND BANKING.   *Deposits secured by marketable securities
   and personal bond are "otherwise secured" under statute, and
   issuance of guaranty certificates for funds not collected from
   securities may not be compelled (Hemingway's Code, section
   3596).*
   Where a bank contracted with the levee board to become its de-
   pository and put up bonds and other marketable securities for
   part of the bond, and a personal bond signed by the bank and in-
   dividual sureties, the deposits of the levee board are "otherwise
   secured" under the Laws of 1916, chapter 207 (section 3596,
   Hemingway's Code), and the bank guaranty fund may not be
   compelled to issue guaranty certificates for the funds not col-
   lected from the securities put up by the bank to the levee board.

2. DEPOSITORIES.   *Levee board can recover from bank and sureties on
   its personal depository bond.*
   Where a personal bond is given by a bank becoming a depository
   and is accepted by the levee board, it can recover from the bank
   and the sureties on its personal bond.

3. BANKS AND BANKING.   *Bank Depository Guaranty Law does not
   cover balance due after exhausting securities given by deposi-
   tory to secure deposit (Hemingway's Code, section 3596).*
   Where securities and bond are given and accepted by the levee
   board, and a bank becomes a depository, and funds are thus se-
   cured, a court will not construe the Bank Depository Guaranty
   Law to cover the balance due after exhausting the securities.
   *Love, Superintendent of Banks,* v. *Citizens' Bank & Trust Co.
   of Marks,* 140 Miss. 585, 105 So. 484.

---

*Corpus Juris-Cyc References: Banks and Banking, 7CJ, p. 485, n. 82
New; Depositories, 18CJ, p. 588, n. 15 New.

APPEAL from chancery court of Coahoma county, Sec-
ond district.
HON. HARVEY McGEHEE, Special Chancellor.

Suit by the board of levee commissioners against J. S. Love, superintendent of banks, and others to compel the issuance of guaranty certificates. From a judgment for defendants, complainant appeals. Affirmed.

*J. A. Tyson,* for appellant.

*Flowers, Brown & Hester,* for appellees.

*J. W. Dulaney, amicus curiae.*

ETHRIDGE, J., delivered the opinion of the court.

This is an appeal from a judgment adverse to the board of levee commissioners, who filed suit to compel the superintendent of banks to issue guaranty certificates for the balance of the levee board's deposit in the Delta Bank & Trust Company, of Clarksdale, Miss., which bank closed for liquidation on March 16, 1921. At the time it closed, it had on deposit for the levee board, a total of one hundred ninety-one thousand eight hundred fifty-three dollars and eleven cents. 'This indebtedness had been reduced by the sale of bonds and other securities, and by impressing the assets of the bank as a trust fund until the amount was reduced to approximately seventy-three thousand dollars. The levee board's priority as to the assets of the bank had been recognized prior to the suit, and the realization from said assets had been applied to the payment of the public deposit claims of the levee board, the city of Clarksdale, and the state of Mississippi. The assets of the bank had been exhausted, and the levee board, in this proceeding, is demanding that the state bank depositors' guaranty fund satisfy the balance.

It appears that the Delta Bank & Trust Company was selected as the depository by the board of levee commissioners, and that, practically, one hundred thousand dollars worth of bonds, debentures, and other permissible securities were deposited with the board of levee com-

missioners by the bank to guarantee the levee board's deposit. In addition to this, a bond was executed by the Delta Bank & Trust Company personally secured by certain directors of the bank, making it a personal bond for the bank. It was intended by this arrangement to secure, at least, two hundred thousand dollars of the funds of the levee board as a deposit in the bank, or that same should come into its possession for and on behalf of the levee board. This bank was also selected as the fiscal agent for the levee board, and, in the course of its dealings, it would draw funds from other depositories, and place them in the Delta Bank & Trust Company, and draw checks on that bank in disbursing funds in the course of administration of its business. There is a dispute in the record as to whether this bond was signed by three sureties or by four sureties, as required by the statute, and the chancellor refused to decide this issue of fact presented by the record, holding that it was unnecessary as the banking department was not liable for the balance due to the levee board on account so made.

We think the deposit was otherwise secured in the present case by the personal bond, and that the levee commissioners had a right of action against this bond for the balance of their claim, under the authority of *Perkins* v. *State ex rel.,* 130 Miss. 512, 94 So. 460. The levee commissioners accepted the bond as having four sureties, and the bank and the signers of the bond received the benefit of the contract, all parties treating the bond as being legally sufficient. There is no doubt but what the levee commissioners could resort to and recover on this bond, and they certainly had available securities to the extent of one hundred thousand dollars in addition to this personal bond.

It seems to be the theory of appellant that, if the securities taken fail to pay the amount of the levee board's deposit, the banking department, under the Guaranty Banking Act, would be liable for the remainder of money on deposit not realized from the securities, bonds, and

assets of the bank, under the trust fund statute. We do not think the act can be given this construction. If the deposit had been less than one hundred thousand dollars, it certainly would have been fully secured. The levee board was not depositing on the faith of the bank's solvency and credit, but it exacted, and took, securities, and it can proceed against these securities for the collection of its demand. It seems to be settled by the case of *Love, Superintendent of Banks,* v. *Citizens' Bank & Trust Co. of Marks,* 140 Miss. 585, 105 So. 484.

We therefore hold that the court below committed no error, and the judgment is affirmed.

*Affirmed.*